## Commonwealth of Pennsylvania v. Wilson Vanderpool, Appellant.

*Criminal law—Intoxicating liquor—Manufacture and possession—Act of March 27, 1923, P. L. 34.*

It was not improper on making an arrest for keeping a disorderly house to search the premises for intoxicating liquors. One of the recognized constituents of the offense of keeping a disorderly house is that drinking and tippling are practiced on the premises, to the common nuisance and disturbance of the neighborhood. The unlawful use or possession of intoxicating liquors was therefore directly connected with the original charge on which appellant was arrested and justified the search.

There can be no lawful possession in the defendant, of apparatus used in the unlawful manufacture of whiskey, nor of whiskey made by him. They are contraband and forfeited to the Commonwealth, and irrespective of how they were obtained by, or how they came into the custody of, the Commonwealth, they will not be returned to the criminal possession of the defendant.

Argued November 21, 1924. Appeal, No. 215, Oct. T., 1924, by defendant, from judgment of Q. S. Bradford Co.,

May Sessions, 1924, No. 20, on verdict of guilty in the case of Commonwealth v. Wilson Vanderpool. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for unlawful manufacture and possession of intoxicating liquors. Before MAXWELL, P. J.

Rule to show cause why certain articles, including whiskey and articles for the manufacture thereof, should not be returned to the defendant, and an order made excluding any testimony with reference thereto.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. Defendant appealed.

*Error assigned* was the decree of the court.

*J. Roy Lilley,* and with him *Wm. P. Wilson,* for appellant.

*David J. Fanning,* District Attorney, for appellee.

OPINION BY KELLER, J., February 27, 1925:

Appellant was convicted of unlawfully manufacturing and possessing intoxicating liquors. A still and coil and jug of moonshine whiskey were found on his premises in the course of a search made in connection with the execution of a warrant for his arrest for keeping a disorderly house. Complaint was then made against him for violating the provisions of the act concerning alcoholic liquors, etc., (Act of March 27, 1923, P. L. 34)', and he was arrested on this charge. Appellant promptly filed his petition asking for a return of the seized articles and an order excluding any testimony with reference thereto on the trial as incompetent. The court discharged the rule, and on the trial testimony was received with reference to the search and seizure, and the seized articles were admitted in evidence. With·

out such evidence a conviction could not have been had. The only assignment of error filed is to the action of the court in discharging the rule as above.

The judgment must be affirmed. It was not improper on making an arrest for keeping a disorderly house to search the premises for intoxicating liquors. One of the recognized constituents of the offense of keeping a disorderly house is that drinking and tippling are practiced on the premises to the common nuisance and disturbance of the neighborhood; or as set forth in the Act of 1860, section 42, P. L. 394, "to the encouragement of idleness, gaming and drinking or other misbehavior, to the common nuisance," etc. The unlawful use or possession of intoxicating liquors was therefore directly connected with the original charge on which appellant was arrested and justified the search: Com. v. Grasse, 80 Pa. Superior Ct. 480, 484.

But apart from this, the very character of the property seized under the search was such as to require the refusal of appellant's petition. There can be no lawful possession in the appellant of apparatus used in the unlawful manufacture of whiskey, nor of whiskey made by him. They are contraband and forfeited to the Commonwealth, and irrespective of how they were obtained by, or how they came into the custody of, the Commonwealth, they will not be returned to the criminal possession of the appellant: Com. v. Schwartz, 82 Pa. Superior Ct. 369, 379. See also Com. v. Holgate, 63 Pa. Superior Ct. 246, 254, and Com. v. Scanlon, (No. 123, October Term, 1924)—decision handed down this day— where the subject is treated at some length.

The assignment of error is overruled and the judgment affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.