# Commonwealth, Appellant, *v.* One Box Containing Benedictine, etc.

*Criminal law—Intoxicating liquor—Proceeding for forfeiture and condemnation—Act of March 27, 1923, P. L. 34—Search warrant—Requirements to obtain.*

Under Section 8 of the Act of March 27, 1923, P. L. 34, it is essential that the complaint, which is to be the basis of the search warrant, should in writing, supported by oath or affirmation. It must allege that there is probable cause to believe and that affiant does believe, that intoxicating liquor is unlawfully manufactured, possessed, sold, etc., in the place which is therein described, as well as the things to be seized, and set forth the proper cause, and if proper cause for such belief appears, the warrant may issue. The latter part of the section provides: "that no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel, boarding house, warehouse or public garage."

In a proceeding for the forfeiture and condemnation of intoxicating liquors, under Section 11 of the Act of 1923, it appeared that the liquors were found in two different places, one a garage and the other a dwelling house, both situated on the same premises and occupied by the owner of the liquors and that the search warrant was legal. There was no evidence that the dwelling place was a bona fide residence and occupied solely as a dwelling; no explanation why large quantities of liquor were kept in the house; and no offer to prove that it was acquired before the passage of the Volstead Act.

Under such circumstances, the owner of the liquor failed to prove that he came within the exceptions contained in the Act of 1923, and it was error for the Court to refuse to condemn the liquor, even though there was no direct proof of sale.

*Criminal law—Search warrants—Unlawful entry—Contraband goods.*

While the unlawful entry upon the premises of the person may put the person so entering, in a position for which he must answer for his unlawful act, it does not follow that the Court must return contraband goods to the person who unlawfully held them.

Argued October 14, 1926. Appeal No. 158, October T., 1926, by Commonwealth, from order of Q. S. Philadelphia County, May Sessions, 1925, No. 151, in the case of Commonwealth of Pennsylvania v. One box containing one quart bottle of benedictine, etc., in the

468    COMMONWEALTH, Appellant, *v*. ONE BOX.

Statement of Facts—Opinion of the Court.    [89 Pa. Superior Ct.

possession of Veto Vedetto. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Proceeding for the forfeiture and condemnation of certain intoxicating liquors. Before SMITH, J.

The facts are stated in the opinion of the Superior Court.

The court ordered the return of the articles. The Commonwealth appealed.

*Errors assigned,* were to the various findings of fact, conclusions of law and decree of the court.

*Joseph K. Willing,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for appellant.

*Harry A. Gorson,* for appellee.

OPINION BY TREXLER, J., December 15, 1926:

The District Attorney of Philadelphia County presented his petition to the Court of Quarter Sessions alleging that the Police Department seized, while in the possession of one, Vedetto, on premises therein described, a box containing one quart of Benedictine and other containers filled with various beverages, enumerating them. There were 208 bottles of high powered beer, 928 bottles of White Horse Whiskey, 353 bottles of Champagne and 15 gallons of liquors and other beverages. The petition further alleged that the property was unlawfully used and possessed and that the premises were not a private dwelling and praying for an order of forfeiture under the Act of March 27, 1923, P. L. 34, Section 11.

To this petition, Vedetto made answer that the search warrant issued under which the articles were seized was illegal and the seizure unlawful, that the

articles seized were lawfully possessed and that the Commonwealth had no right of forfeiture and asked the return of the goods so seized and a decree restraining the District Attorney from using as evidence the articles so seized.

There was a hearing had. A great deal of the record is taken up by the remarks of counsel, but we gather from the testimony of the witnesses that the liquors were seized by virtue of a search warrant and were found in two different places, one a garage and the other a house, both situated on the same premises. There were subcellars under each and much of the liquors seized was found in the subcellars. All of the articles contained more than the lawful content of alcohol. The house was occupied by Vedetto and the garage was used in connection with it. There were frequent visits to the house by people in taxicabs and other motor vehicles at all hours of the night. They would stop for 10 or 15 minutes and then drive away. There were also pedestrians who would visit the house in apparently sober condition and depart under the influence of liquor. These visits continued to two or three o'clock in the morning. This was substantially all that the proceedings before the judge disclosed.

The trial judge refused the petition for forfeiture and ordered a return of the articles because there was no evidence of sale and further the search warrant was improperly issued.

Under Section 8 of the Act of March 27, 1923, P. L. 34, it is essential that the complaint which is to be the basis of the search warrant is to be in writing supported by oath or affirmation. It must allege that there is probable cause to believe and that affiant has just and reasonable grounds for believing, and does believe, that intoxicating liquor is unlawfully manufactured, possessed, sold, etc., in the place which is therein described as well as the things to be seized and setting

forth the probable cause and if probable cause for such belief appears, the warrant may issue. The latter part of the section provides "That no search warrant shall issue to search any private dwelling occupied as such, unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose, such as store, shop, saloon, restaurant, hotel, boarding-house, warehouse, or public garage."

Section 4 of the above act, provides inter alia that "it shall not be unlawful to possess intoxicating liquor for beverage purposes in one's bona fide private dwelling, while the same is occupied and used by him as his dwelling only, provided that such liquor was lawfully acquired prior to the passage of this act." The search warrant in this case had all the essentials of a legal warrant. When the matter came up for a hearing there was no question as to the possession of the intoxicating liquors and under Section 4, such possession was prima facie evidence that same was acquired, possessed and used in violation of the act. There was absolutely no testimony offered to show that the dwelling place was a bona fide residence and occupied solely as a dwelling. There was no explanation as to why such a large quantity of liquor was kept in the house nor was there any offer to prove that it was acquired before the passage of the Volstead Act.

The court in its opinion, bases its decision to return the liquor and to prevent its use as evidence upon the fact that the entry in this case was not proper and that therefore the burden of proof as to the way the liquors were acquired had shifted to the respondent.

We find nothing in the search warrant which renders it illegal. On the face of it, it contains every essential averment required by the act. The grounds for probable belief was very similar to those which were sustained in Com. v. Schwartz, 82 Pa. Superior Ct. 369.

There the complaint stated "the affiant has been informed by credible persons that they have bought from the defendant intoxicating liquor at the place hereinafter described." This was considered a sufficient compliance with the act, requiring that the person taking out the search warrant shall set forth the probable cause for the issuance of the same. The basis of the proceeding being valid, it was incumbent upon the defendant to prove that he came within the exceptions contained in the act and we think the court was wrong in concluding that because there was no direct proof of sale that the burden was upon the Commonwealth to supply such proof.

We have already stated what we consider the essential elements in the defense which the defendant failed to prove. In conclusion, we may also observe that this court has held that whilst the unlawful entry upon the premises of a person may put the person so entering in a position for which he must answer for his unlawful act, it does not follow that the court must return contraband goods to the person who unlawfully held them: Com. v. Scanlon, 84 Pa. Superior Ct. 569; Com. v. Vanderpool, 84 Pa. Superior Ct. 552. See also Com. v. Hunsinger not yet reported.                    ,

The assignments of error are sustained, the judgment is reversed. The record is remitted with an order directing the court below to declare the goods forfeited in accordance to the act.