## Commonwealth v. One Dodge Sedan

*Ernest F. Walker*, Deputy Attorney General, and *John W. Mentzer*, district attorney, for Commonwealth.

*George Skinner Black* and *John P. Sipes*, for defendant.

SHEELY, P. J., January 8, 1940.—This is a petition by the Commonwealth for the forfeiture of one 1939 Dodge sedan, registered in the name of Nathan Stevens and alleged to have been used by Raymond Stevens in the illegal transportation of liquor. An answer was filed in which it was alleged that the vehicle was not used in the illegal transportation of liquor and, furthermore, that the seizure of the automobile by the Commonwealth was in violation of the provisions of the Constitution of Pennsylvania.

The testimony of Irvin Kerlin, on the part of the Commonwealth, showed that on September 25, 1939, Raymond Stevens sold a jug of whisky to Kerlin at his home, which was approximately two miles from Stevens' home.

The whisky was delivered in Kerlin's house and after it had been paid for, Kerlin went with Stevens to the automobile in question and Stevens drove it away. Stevens admitted using the automobile, but testified, and was supported by other witnesses, that on the night of September 25th he, together with the other witnesses, went to Everett, Pennsylvania, to visit a friend who was in the hospital, and that he did not at any time sell or deliver liquor to Kerlin.

The alibi testified to would be a complete defense to the forfeiture of the automobile in question if the court believed the testimony of Stevens and his witnesses. The court does not, however, believe this testimony and is entirely satisfied, after observing the witnesses on the stand, that the testimony of Kerlin represents the truth of the situation. The presence of the automobile at the Kerlin home, together with the delivery of the liquor and the driving away of the automobile by Stevens, raises a clear inference that the automobile was used in the transportation of the liquor which was identified by a chemist as "moonshine" whisky.

The petition is based upon section 611 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-611, which provides that no property rights shall exist in any liquor, illegally possessed, or in any vehicle used in the illegal transportation of liquor, and that the same shall be deemed contraband and shall be forfeited to the Commonwealth. Subsection (b) provides that if upon petition and hearing before the court of quarter sessions it appears that any property was so used in the illegal transportation of liquor it shall be adjudged forfeited and condemned, and shall be disposed of as therein provided. Subsection (d) provides that the proceedings for forfeiture shall be in rem, in which the Commonwealth shall be plaintiff and the property the defendant; and prescribes the form of petition to be filed.

The important question raised by claimant is whether the petition for forfeiture must be dismissed because of the manner of seizure of the automobile. On October 9, 1939, the Commonwealth's officers went to the home of Raymond Stevens with a warrant for his arrest for the transportation and sale of the liquor to Kerlin. They had no process or warrant to seize the automobile, but upon apprehending Stevens at his home they discovered the automobile on the premises and seized it. This petition for forfeiture was subsequently filed. Claimant contends that the seizure was illegal because of the absence of process or reasonable cause, and was in violation of article I, sec. 8, of the Constitution of Pennsylvania, which provides that:

"The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them . . .".

The question of seizure of contraband goods without a search warrant or by virtue of an illegal search warrant was frequently before the courts under the statutes in force during the prohibition era. It was then determined that contraband liquor illegally seized was nevertheless admissible in evidence against defendant: Commonwealth v. Vigliotti (No. 1), 75 Pa. Superior Ct. 366 (1921) ; and that defendant was not entitled to an order for its return: Commonwealth v. Schwartz, 82 Pa. Superior Ct. 369 (1923) ; Commonwealth v. Vanderpool, 84 Pa. Superior Ct. 552 (1925) ; Commonwealth v. Scanlon, 84 Pa. Superior Ct. 569 (1925).

If the seizure was improper, the owner has his remedy therefor, either civil or criminal, against the offender, but the prior owner, as against the Commonwealth, could have no property rights in the contraband articles seized: Commonwealth v. Hunsinger, 89 Pa. Superior Ct. 238,

242 (1926); Commonwealth v. One Box Containing Benedictine, etc., 89 Pa. Superior Ct. 467 (1926) (affirmed on other grounds, 290 Pa. 121). As stated in the last-cited case at page 471, "In conclusion, we may also observe that this court has held that whilst the unlawful entry upon the premises of a person may put the person so entering in a position for which he must answer for his unlawful act, it does not follow that the court must return contraband goods to the person who unlawfully held them".

The Pennsylvania Liquor Control Act, supra, likewise provides that no property rights shall exist in any vehicle used in the illegal transportation of liquor and that the same shall be deemed contraband and shall be forfeited to the Commonwealth. The Commonwealth having produced evidence that the vehicle in question was unlawfully used, and claimant having failed to controvert this evidence, it follows that the vehicle must be condemned.

This case is different from Commonwealth ex rel v. Turnkey, etc., 3 D. & C. 633 (1923), cited by claimant, in that there the charge upon which defendant was held was based upon evidence secured in the illegal search; here, the evidence is independent of the seizure. That case arose on an application for a writ of habeas corpus, while here the question of the illegality of the seizure was raised on an answer to the petition for forfeiture: See Commonwealth v. Gates, 98 Pa. Superior Ct. 591 (1930).

For the reasons herein cited we did, on January 8, 1940, order and decree that the 1939 Dodge sedan bearing motor number D-1114885, registered in the name of Nathan Stevens and bearing 1939 Pennsylvania registration tag, 8RD65, be adjudged forfeited and condemned and that it be delivered to the Pennsylvania Liquor Control Board for its use or for sale or disposition by the board in its discretion.