**Albert M. KOENANN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 15766.**

United States Court of Appeals
Fifth Circuit.

March 16, 1956.

Hilary J. Gaudin, G. W. Gill, New Orleans, La., for appellant.

Jack C. Benjamin, Asst. U. S. Atty., New Orleans, La., George R. Blue, U. S. Atty., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Convicted and sentenced on an indictment charging him with possession of 171 gallons of non-tax paid whiskey in violation of Section 2803, Title 26 U.S.C., defendant has appealed. His single claim of error is that the charge and conviction were based solely upon evidence obtained through an illegal search and seizure, in that, though the facts known to the officers might have been sufficient to justify the issuance of a search warrant, they did not justify the officers in making a search without a warrant, citing Johnson v. United States, 333 U.S. 10, at page 17, 68 S.Ct. 367, 92 L.Ed. 436, and Kent v. United States, 5 Cir., 209 F.2d 893.

The United States, setting out the facts,[1] insists that under Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Cannon v. United

---

1. The facts as disclosed by the record show that on the evening of June 1, 1953, on Louisiana Highway No. 53, near Pearl River, in St. Tammany Parish, the defendant, Albert M. Koenann, was arrested. The automobile which he was driving was searched and found to contain one hundred seventy-one gallons of non-tax paid distilled spirits, which the defendant admitted belonged to him.

The record discloses that prior to the arrest of the defendant, Robert M. Robinson, Lester C. Braun and Wallace J. Moll, all agents of the Alcohol and Tobacco Tax Division of the Department of the Treasury, were on routine patrol duty in the vicinity of Pearl River, in the town where Louisiana Highways 11 and 53 intersect. Agent Braun had received information from a trustworthy confidential informer, that certain "bootleggers", among whom was listed the defendant-appellant, were using these highways in the illegal transportation of non-tax paid whiskey. In addition, he had a description of the car and license plate on the vehicle used by appellant particularly in this illicit traffic. Agents Braun and Robinson had known appellant personally for a period of time long before the arrest herein. Shortly after 8 o'clock p. m. the agents observed the appellant passing through the said town in the automobile whose description the agents knew. At that time they commenced to follow appellant. They observed certain peculiarities about his vehicle, namely, that it appeared to be heavily loaded, with the back end down, that it was equipped with oversized tires on the rear and overload heavy duty springs, and that it was being driven by appellant, Albert M. Koenann, known to them as "Mac" Koenann. After hearing the siren on the government vehicle, appellant stopped his car and was asked by Agent Robinson "how much he had". Appellant replied that he had 171 gallons.

States, 5 Cir., 158 F.2d 952; and Shurman v. United States, 5 Cir., 219 F.2d 282; they were sufficient to justify the search and seizure.

We agree. Even before the decision in the Carroll case, it was on full consideration held in this circuit, in United States v. Rembert, D.C., 284 F. 996, that while a dwelling house could not be searched without a warrant, a moving automobile could be, and since the Carroll case it has been uniformly so held.

The Johnson and Rent cases, on which appellant relies, do not support his claims. The Johnson case dealt with a search of private living quarters. In the Rent case the car was not searched contemporaneously with its seizure but, in addition, was stationary, indeed was securely in custody, and there was no reason why the sufficiency of the grounds for search should not have been submitted to and determined by a magistrate on application for a search warrant rather than by the officer himself.

The judgment was right. It is affirmed.