### UNITED STATES of America
### v.
### Willie WILSON and Morris Griffin.
### Cr. No. 10990-N.

United States District Court
D. Alabama, N. D.
Nov. 18, 1957.

See, also, 158 F.Supp. 442.

Hartwell Davis, U. S. Atty., and Robert E. Varner, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

L. H. Walden, Montgomery, Ala., and John Walters, Troy, Ala., for defendants.

JOHNSON, District Judge.

This cause was submitted to the Court this date upon the motion of the defendants filed with the Clerk of this Court on November 13, 1957, and amended November 15, 1957, said motion seeking to have this Court enter an order suppressing the evidence obtained by the agents of the government because said evidence was obtained by reason of an illegal search without probable cause and without a search warrant. Also upon the motion filed upon behalf of the United States seeking to have this Court quash the motion to suppress the evidence, this motion to quash being based upon the fact that the defendants' motion is uncertain and vague, that it fails to state that the defendants claimed possession of the contraband seized and failed to claim that its seizure was from their premises.

In order to be more than fair to these defendants and in order to eliminate the necessity of an amendment, this Court overruled and denied the motion to quash filed upon behalf of the United States of America; this action overruling the motion to quash was taken in the face of the case of Scoggins v. United States, 92 U.S.App.D.C. 29, 202 F.2d 211, and the case of the United States v. White, 7 Cir., 228 F.2d 832.

All the evidence in support of defendants' motion to suppress was entered by virtue of stipulation entered into by the parties. The pertinent portions of this stipulated evidence show that two agents for the Alcohol & Tobacco Tax Unit of the Treasury Department were, on August 26, 1957, at about 9:50 a. m., traveling south on U. S. Highway 331 at a point about 1½ miles south of Sprague, Alabama, in this district, at which time they saw a 1951 Ford approaching them, which Ford automobile appeared to them to be heavily loaded, with the rear end of the car extremely low. One of these defendants, Morris Griffin, was recognized as being in the front seat of the car. Griffin was known to these agents as being a Negro male that had a record and reputation for being in the nontax-paid whiskey business.

The law is well settled that where there exists probable cause to believe that a felony is being committed in the presence of officers, no warrant is needed to stop and search the automobile. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The United States Circuit Court of Appeals for the Fifth Circuit has followed the law in the Carroll case in several cases, three of which are Koenann v. United States, 5 Cir., 230 F.2d 662; Medina v. United States, 5 Cir., 158 F.2d 955; and Cannon v. United States, 158 F.2d 952, 953. This Court concludes from the circumstances in this case that the officers had reasonable cause for believing that these defendants were committing a felony in their presence and were justified in stopping and searching and seizing and arresting.

For the foregoing reasons and for good cause shown:

It is the Order, Judgment and Decree of this Court that the defendants' motion filed November 13, 1957, and amended November 15, 1957, seeking to have this Court suppress evidence obtained by these agents at the time of the arrest of these defendants, should be and the same is hereby overruled and denied.