**Hubert R. GROGAN, Claimant, and Ruby Alene Anderson, Surety, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 17187.**

United States Court of Appeals Fifth Circuit.

Nov. 19, 1958.

Rehearing Denied Jan. 12, 1959.

Wesley R. Asinof, Atlanta, Ga., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit. Judges.

JONES, Circuit Judge.

The appellant, Hubert R. Grogan, was. on probation from a liquor law violation. Our references to the appellant apply to Grogan. His co-appellant is before

us because of her liability as surety. Treasury Agents had information that appellant had made several purchases of large quantities of sugar and malt in the proportions usually used for making moonshine whiskey. The Treasury Agents observed him driving a truck, apparently heavily loaded, on the streets of Gainesville, Georgia. As the appellant drove by he attempted to shield his face from view with his hand and arm. The officers followed the appellant and stopped him. In response to a question as to "what he had on" the appellant answered "eighty-eight bags". He was asked where he was taking it and he said "Dawsonville", but he was headed away from rather than in the direction of that place. He said he was going to sell the sugar but didn't know who would purchase it. He admitted that he had no business license and no place of business. The officers opened the truck and found 88 hundred-pound bags of sugar, along with rye meal, malt, yeast and 150 cases of half-gallon glass jars. The United States, under the authority of 26 U.S.C.A. §§ 7301, 7302, filed its libel of information seeking the forfeiture of the truck and its contents. The appellant moved to suppress the vehicle and its contents alleging that the search and seizure were made without a warrant and without probable or reasonable cause. The motion to suppress was overruled and denied, and a judgment of forfeiture was entered. From the judgment an appeal has been taken. The asserted error, as stated by the appellant, is:

"\* \* \* in overruling the motion to suppress, in that the agents had no probable cause to believe that a felony had been or was being committed by appellant, no misdemeanor was being then committed in their presence that could be ascertained by the use of their senses, and they had sufficient time to procure a search warrant before making the search."

Primary reliance is placed by the appellant upon the opinion of this Court in Clay v. United States, 5 Cir., 1956, 239 F.2d 196. This opinion illustrates and applies the doctrine that a lawful arrest without a warrant, and a lawful search incident to such arrest, can be made only if a misdemeanor has been committed in the presence of the officer, or if the officer believes, upon reasonable and probable cause, that a felony has been committed. This doctrine was applied in the Clay case to the arrest of a person and the fact that he was in an automobile was, in the language of the Court, "purely incidental".

■ The officers who seized the truck here involved and its contents had information that the appellant had been purchasing raw materials for the moonshine industry and hauling them in the truck which was seized. The appellant's prior activity in illegal liquor dealings was known to the officers. His effort to conceal his identity as he drove by was a suspicious circumstance. The officers were justified in stopping and searching the truck upon a public thoroughfare without a warrant. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879, rehearing denied 338 U.S. 839, 70 S.Ct. 31, 94 L.Ed. 513; Cannon v. United States, 5 Cir., 1946, 158 F.2d 952, certiorari denied 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286; 4 Wharton's Criminal Law 146 et seq. § 1537.

■ The seizure of property, the title to which has been forfeited to the United States, is to be distinguished from the exclusion of evidence secured through an unlawful search and seizure. In the one case the Government is entitled to the possession of the property, in the other it is not. Sanders v. United States, 5 Cir., 1953, 201 F.2d 158; United States v. One 1956 Ford Tudor Sedan, 4 Cir., 1958, 253 F.2d 725. And see Turner v. Camp, 5 Cir., 1941, 123 F.2d 840. The search and seizure were based on probable cause and were proper. But were

it otherwise the claimant would have no right to repossess the property forfeited to the United States.

The judgment of forfeiture is Affirmed.