Hubert Royce GROGAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17269.

United States Court of Appeals Fifth Circuit.

Dec. 9, 1958.

Rehearing Denied Jan. 12, 1959.

Wesley R. Asinof, Atlanta, Ga., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

This appeal from a revocation of a suspended sentence for violation of probation is related to, and here largely controlled by, Grogan, Claimant, v. United States, 5 Cir., 1958, 261 F.2d 86. It was that episode of May 7, 1957, when he was arrested while driving a truck loaded with a large quantity of sugar, malt, yeast, and one-half-gallon fruit jars which precipitated the legal actions which now beset Grogan.[1] The Court revoked the probation and imposed a sentence of eighteen months.

Grogan assigns but three errors.[2] The first two are patently unfounded. By stipulation the Court was to, and did, consider all of the evidence, subject only to the motion to suppress for unlawful search and seizure, heard earlier in the forfeiture case (No. 17187). The third, while certainly arguable with propriety at the time it was made, has now been foreclosed by our decision in No. 17187. At the same time it eliminated any question for our decision whether, as the District Court stated as an alternative ground, he could nevertheless take into account, in determining general compliance with the terms of probation, some of the events of May 7 even though the search and seizure were ultimately held illegal. Certainly there is no showing generally that the Court failed to follow the proper principles covering the revocation of probation. Manning v. United States, 5 Cir., 1947, 161 F.2d 827, certiorari denied 332 U. S. 792, 68 S.Ct. 102, 92 L.Ed. 374; Dillingham v. United States, 5 Cir., 1935, 76 F.2d 35; Kaplan v. United States, 8 Cir., 1956, 234 F.2d 345; Nelson v. United States, 10 Cir., 1955, 225 F.2d 902; Hensley v. United States, 5 Cir., 1958, 257 F.2d 681.

Affirmed.

---

1. There were proceedings on three fronts.
   *First*, 5 Cir., 261 F.2d 86, was a libel under 26 U.S.C.A. §§ 7301, 7302, for forfeiture of the 1954 model Ford truck together with its cargo of moonshine contraband. Forfeiture was affirmed November 19, 1958, by our decision, 261 F.2d 86.
   *Second*, Grogan was indicted for the incident of May 7, 1957. On a jury trial Grogan was convicted but imposition of sentence has been withheld pending determination of No. 17187 and this case.
   *Third*, the United States Probation Officer filed the motion of June 24, 1957 to revoke Grogan's probation because of the incident of May 7. That is the subject of this case, No. 17269.

2. "1. The Court erred in granting the motion to revoke the probation without evidence to support the allegations of fact.
   "2. The Court erred in revoking the probation in that there was no evidence to sustain the allegations of fact, and in deciding the issue on matters within the personal knowledge of the trial judge and not offered in the record of the trial of this case.
   "3. The Court erred in not giving consideration to the motion to suppress as having been previously urged in Case No. 4952, United States District Court for the Northern District of Georgia, same being a civil action for the forfeiture of a vehicle and raw materials."