492

UNITED STATES of America,
Appellant,

v.

S. B. CAREY, Claimant of One 1958 Model
Chevrolet 2-Door Impala, Motor Number T 1029HA and One J. P. Sauer &
Sohn 7.65 Caliber Semi-Automatic Pistol, Serial Number 132877, Appellee.

No. 17778.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1959.

Jack McDill, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., for appellant.

Robert B. Adam, Gulfport, Miss., for appellee.

Before RIVES, Chief Judge, and BROWN and WISDOM Circuit Judges.

WISDOM, Circuit Judge.

The question for decision is whether there was an illegal search and seizure by federal officers defeating the forfeiture of an automobile seized for transporting nontaxpaid whiskey.[1]

S. B. Carey, the claimant, is an automobile dealer. On November 18, 1957, he sold a 1958 white Chevrolet Impala to Margaret Baggett. The terms of the conditional sales contract reserved title in the seller or anyone to whom the seller assigned the contract. The sale was financed through General Motors Acceptance Corporation, and the conditional sales contract was assigned to GMAC. Before the sale, Carey made certain inquiries concerning the record and reputation of Margaret Baggett.[2] A more extensive inquiry would have shown that Margaret Baggett had a reputation and record for transporting nontaxpaid whiskey.

January 13, 1958, two agents of the Alcohol Tax Unit were in moonshine territory in Mississippi. They were not seeking the particular vehicle that is the subject of this litigation. A confidential informer, however, had told one of the agents that a 1958 white Chevrolet Impala, with a Perry County license tag, would haul whiskey to Hattiesburg on January 13, 1958. The information given by this informer had proved re-

---

1. "(e) Conveyances.—Any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subsection (a) or (b) may also be seized, and shall be forfeited to the United States." 26 U.S.C.A. § 7301.

"It shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in any such property." 26 U.S.C.A. § 7302.

2. 18 U.S.C.A. § 3617(b) sets forth the conditions precedent to the remission or mitigation of forfeiture of a vehicle, including the requirement that the claimant inquire as to the record or reputation of the car-purchaser.

liable in the past. It proved reliable in this case.

The agents stopped on a narrow country road to allow an approaching automobile to pass. When it did the agents recognized the automobile as the one described by the confidential informer. They recognized also the driver, Vernell Graves, and the only passenger, Margaret Baggett. The agents noticed that the vehicle was sagging in the rear and appeared to be heavily loaded. They overtook the car, blocked the road, and forced the 1958 Chevrolet to stop. There was a bottle of moonshine whiskey in the front seat. After some protest, the driver gave the ignition key to the agents. The agents searched the car and found fifty-two gallons of nontaxpaid whiskey in the trunk of the car. There was a loaded pistol in Margaret Baggett's coat on the back seat. The agents arrested Margaret Baggett and Vernell Graves. The automobile and pistol were seized. The whiskey was destroyed.

At the time of the seizure, several of the installment notes had matured and Margaret Baggett was in default. The contract provided that in the event of default in payment of any installment the seller had the right to take possession of the automobile without demand and without legal process.

The United States filed a libel of information against the automobile. Carey filed a claim and answer to the libel. GMAC had demanded that Carey pay the sum still owed on the contract ($2,-615.10). GMAC filed no claim to the vehicle. Margaret Baggett made no claim to the vehicle. No one claimed the pistol. The district judge declared the pistol and any interest of Margaret Baggett in the car forfeited to the United States.[3]

Carey raised no issue as to the lawfulness of the use of the automobile. He questioned only the validity of the seizure, based on the refusal of the Government to disclose the identity of the informer, allegedly material as bearing on reliability of the informer and therefore the reasonableness of the search and seizure. The district judge held that the search and seizure were illegal, and declined to declare the automobile forfeited to the United States.

In dismissing the libel for the Government's failure to disclose the identity of the informer the district judge relied on Roviaro v. United States, 1957, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; Scher v. United States, 1938, 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151; Portomene v. United States, 5 Cir., 1955, 221 F.2d 582; United States v. Conforti, 7 Cir., 1952, 200 F.2d 365, certiorari denied 345 U.S. 925, 73 S.Ct. 782, 97 L.Ed. 1356; Sorrentino v. United States, 9 Cir., 1947, 163 F.2d 627. We believe that these decisions are not applicable. Each of the cases concerned the effect of the Government's refusal to reveal the identity of an informer in *a criminal prosecution*.[4]

None of the cases involved the forfeiture of a vehicle, or any other article, used in violation of Internal Revenue laws. There is a proper distinction between obtaining evidence for a criminal prosecution and a seizure of forfeited property under Internal Revenue laws. Thus, in Grogan v. United States, 5 Cir., 1958, 261 F.2d 86, 87, certiorari denied

---

3. Such a determination, to be valid, must be based on a finding that Margaret Baggett and Vernell Graves were violating a law of the United States in regard to the transportation of distilled spirits. Sections 5686 and 5862, I.R.C., 1954, 26 U.S.C.A. (I.R.C.1954) §§ 5686, 5862. Baggett and Graves made no issue as to the unlawful use of the property in question.

4. The Roviaro, Portomene and Sorrentino cases were criminal prosecutions for violation of the Narcotics Act; the Scher case was a criminal action for possessing and transporting distilled spirits without the requisite revenue stamps; the Conforti case was a criminal prosecution for unlawful possession of counterfeit notes.

359 U.S. 944, 79 S.Ct. 725, 3 L.Ed.2d 677, this Court stated:

"The seizure of property, the title to which has been forfeited to the United States, is to be distinguished from the exclusion of evidence secured through an unlawful search and seizure. In the one case the Government is entitled to the possession of the property, in the other it is not."

The facts of the Grogan case are similar to those presented by the instant case. In Grogan the treasury agents had information that the appellant had made several purchases of large quantities of sugar and malt in proportions usually used for making moonshine whiskey. The agents observed the appellant driving a heavily loaded truck. The agents followed him and stopped him. A search, without warrant, revealed eighty-eight 100-pound bags of sugar, along with rye meal, malt, yeast, and 150 cases of half-gallon glass jars. The United States filed a libel against the truck and its contents under 26 U.S.C.A. §§ 7301, 7302. On appeal this Court wrote: "The search and seizure were based on probable cause and were proper. But were it otherwise the claimant would have no right to repossess the property forfeited to the United States."

There is authority in this circuit that the search and seizure in this case were based on reasonable suspicion and were legal.[5] Even if it were assumed that the search and seizure were illegal, that would not defeat the Government's action for forfeiture.[6] This Court has held

---

5. An examination of the circumstances justifying an arrest without a warrant in the following cases reveals that this Court has often held there is probable cause for an arrest on facts similar to those present in this case. Grogan v. United States, 5 Cir., 1958, 261 F.2d 86; United States v. Holland, 5 Cir., 1957, 242 F.2d 248, facts stated in Crosby v. United States, 5 Cir., 1956, 231 F.2d 679, certiorari denied 352 U.S. 831, 77 S.Ct. 46, 1 L.Ed. 2d 52, rehearing denied 352 U.S. 955, 77 S.Ct. 322, 1 L.Ed.2d 245 (criminal action); Koenann v. United States, 5 Cir., 1956, 230 F.2d 662 (criminal action); see also United States v. Wilson, D.C.D. Ala.1957, 159 F.Supp. 149, affirmed 255 F.2d 686, certiorari denied 358 U.S. 865, 79 S.Ct. 97, 3 L.Ed.2d 98 (criminal action).

6. The Fourth Circuit recently has held that an illegal search and seizure does not defeat forfeiture of vehicles used in violation of internal revenue laws. In United States v. One 1956 Ford Tudor Sedan, 4 Cir., 1958, 253 F.2d 725, 727, a district court judgment that a vehicle was not forfeited was reversed, and the court said:

"Legal infirmities in the seizure do not impair the right of the United States to condemn or clothe the former owner with property and possessory right he lost when he used the property in violation of the revenue laws. Considerations which, in criminal cases, require the suppression of evidence obtained in an unlawful search or seizure have no application here."

Other circuits are in agreement that an illegal search and seizure does not vitiate a forfeiture. United States v. Pacific Finance Corp., 2 Cir., 1940, 110 F.2d 732 (although the search and seizure were illegal, the vehicle used to transport narcotics was declared forfeited); United States v. Eight Boxes, 2 Cir., 1939, 105 F.2d 896 (illegal search and seizure did not affect the forfeiture of smuggled goods); Harman v. United States, 4 Cir., 1952, 199 F.2d 34 (a truck used to convey material and equipment for illicit distillery was declared forfeited although the truck was turned over to federal officers by state authorities who seized it without a warrant); Bourke v. United States, 6 Cir., 1930, 44 F.2d 371 (a seizure of contraband liquor under the National Prohibition Act and the internal revenue laws was not affected by an illegal search and seizure). Only the Third Circuit holds that an illegal search and seizure renders the government's possession unlawful and defeats a forfeiture proceeding. United States v. Plymouth Coupe, 3 Cir., 1950, 182 F.2d 180. The two Supreme Court cases most often cited in forfeiture cases are Dodge v. United States, 1926, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 and United States v. One Ford Coupé Automobile, 1926, 272 U.S. 321, 47 S.Ct. 154, 155, 71 L.Ed. 279. In the Dodge case the Court held that a libel brought under the National Prohibition Act against a motor boat was not affected because the seizure was by city police officers instead of federal officers. In the One Ford Coupé case it was contended that a seizure by federal officers was illegal. The Court stated: "It is settled that, where property declared by

on various occasions that the illegality of a search and seizure does not affect a libel of information for forfeiture. Grogan, supra; Sanders v. United States, 5 Cir., 1953, 201 F.2d 158; Two Certain Ford Coupé Automobiles v. United States, 5 Cir., 53 F.2d 187; Turner v. Camp, 5 Cir., 1941, 123 F.2d 840. In the Sanders case an automobile was illegally seized without a warrant. This Court stated [201 F.2d 159]:

"There is no constitutional objection to the enforcement by the courts of the forfeiture of an offending article. The Fourth Amendment does not guarantee against seizures in a proceeding such as this, where there is no need of a search and the right to the property has passed to the United States by forfeiture."

The judgment of the district court is reversed and the case remanded with directions to declare the automobile in question forfeited to the United States.

a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized." This language from the One Ford Coupé case has often been quoted and the two cases are relied on to sustain the proposition that an illegal search and seizure does not defeat forfeiture of a vehicle used to violate internal revenue laws.