Commonwealth *v.* One 1958 Plymouth Sedan (McGonigle, Appellant).

Argued November 20, 1963; reargued January 17, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul M. Chalfin,* with him *Louis Lipschitz,* for appellant.

*Thomas J. Shannon,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE JONES, April 21, 1964:

At approximately 6:30 a.m. on December 16, 1960, two officers of the Pennsylvania Liquor Control Board, stationed near the approach to the Benjamin Franklin bridge in New Jersey, observed a 1958 Plymouth sedan bearing Pennsylvania license plates proceeding toward the bridge in the direction of Philadelphia. Noting that "the car was low in the rear, quite low", the officers followed the automobile across the bridge into Philadelphia where they stopped and searched the automobile without first having obtained either a body or a search warrant. Their search revealed that the rear seat and back-rest of the automobile had been re-

moved and that the rear and trunk of the automobile contained 375 bottles of whiskey and wine none of which bore Pennsylvania tax seals.

Both the car and alcoholic beverages were seized. The Commonwealth instituted proceedings for the forfeiture of the automobile in the Court of Quarter Sessions of Philadelphia County. That court dismissed the forfeiture proceedings on the ground that the seizure of the automobile "was founded upon evidence illegally obtained", i.e., without a warrant and without probable cause. The Superior Court reversed, three judges dissenting, and we granted an allocatur.

The thrust of the arguments, both of the appellant and the Commonwealth, is directed to the validity and propriety of the search and the subsequent seizure by the officers of this Plymouth automobile. In our view, such arguments are beyond the point. By reason of the nature of the present proceeding, i.e., a forfeiture procedure, we consider it unnecessary to determine the propriety and validity of the search and the seizure of this automobile.

This proceeding was instituted under the Act of April 12, 1951, P. L. 90, §601, as amended by the Act of April 20, 1956, P. L. (1955) 1508, §1, 47 PS §6-601, which provides: "No property rights shall exist in any . . . vehicle . . . used in the illegal manufacture or illegal transportation of liquor, alcohol or malt or brewed beverages, and the *same shall be deemed contraband* and proceedings for its forfeiture to the Commonwealth may, at the discretion of the board,[1] be instituted in the

---

[1] Prior to the 1956 amendment, the forfeiture of an automobile used in the illegal transportation of liquor was mandatory: *Commonwealth v. One 1939 Cadillac Sedan*, 158 Pa. Superior Ct. 392, 45 A. 2d 406; *Commonwealth v. One Dodge Sedan*, 141 Pa. Superior Ct. 34, 14 A. 2d 600. The 1956 amendment deleted from §601 of the 1951 Act the phrase "shall be forfeited to the Commonwealth" and inserted, in lieu thereof, the phrase "and proceedings

manner hereinafter provided. No such property when in the custody of the law shall be seized or taken therefrom on any writ of replevin or like process." (Emphasis supplied). This proceeding is not a criminal proceeding (*Commonwealth v. One 1927 Graham Truck,* 165 Pa. Superior Ct. 1, 67 A. 2d 655; *Commonwealth v. One 1939 Cadillac Sedan,* supra) but a civil proceeding in rem (*Commonwealth v. One Five-Passenger Overland Sedan,* 90 Pa. Superior Ct. 376) and is directed to the confiscation of the property itself on the theory that the property is the offender.

The statute, upon which this proceeding is based, mandates that no property rights shall exist in an automobile used in the illegal transportation of liquor and declares an automobile engaged in such use shall be deemed to be contraband. Articles of contraband are things and objects outlawed and subject to forfeiture and destruction upon seizure: 17 C.J.S., Contraband 510. "It is the use to which the property is put that renders property, otherwise lawful, rightful to have, use and possess, subject to seizure and forfeiture": *Hemenway & Moser Co. v. Funk,* 100 Utah 72, 106 P. 2d 779. The purpose for which the thing or article is used acts as the criterion for the classification of such thing or article as contraband or noncontraband.

The court below refused to decree a forfeiture in the instant case because, inferentially at least, it believed that the rule of exclusion of evidence illegally

for its forfeiture to the Commonwealth may, at the discretion of the board, be instituted. . . ." It has been held that, as a result of this amendment, the Board has discretion to *institute* forfeiture proceedings and the courts have discretion as to whether forfeiture shall be decreed even though illegal use of the automobile has been established: *Commonwealth v. One 1957 Chevrolet Sedan,* 191 Pa. Superior Ct. 179, 155 A. 2d 438; *Commonwealth v. One 1958 Oldsmobile Sedan,* 194 Pa. Superior Ct. 352, 355, 356, 168 A. 2d 776; *Commonwealth v. One 1959 Chevrolet Impala Coupe,* 201 Pa. Superior Ct. 145, 191 A. 2d 717.

obtained applied to this proceeding, even though not a criminal proceeding. In this respect the court erred.

In *United States v. One Ford Coupe*, 272 U.S. 321, 47 S. Ct. 154, almost forty years ago the U. S. Supreme Court, speaking through Mr. Justice BRANDEIS, recognized that an illegal or unauthorized seizure of an automobile did not preclude the possibility of a forfeiture proceeding: "It is settled that where property declared by a federal statute to be forfeited because used in violation of federal law is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized." (272 U.S. at. p. 325, 47. S. Ct. at p. 155).[2]

Very recently, the U. S. Court of Appeals for the Third Circuit in *U. S. v. $1,058.00 in United States Currency*, 323 F. 2d 211, held that contraband, even though unlawfully seized, may nevertheless be forfeited. The Court stated: "The doctrine of One Ford Coupe [supra] has been applied by the circuits in Interbartolo v. United States, 303 F. 2d 34, 38 (1 Cir., 1962); United States v. Carey, 272 F. 2d 492, 494-495, (5 Cir., 1959); United States v. One 1956 Ford Tudor Sedan, 253 F. 2d 725, 726, 727 (4 Cir., 1958); United States v. Pacific Finance Corp., 110 F. 2d 732 (2 Cir., 1940); Bourke v. United States, 44 F. 2d 371 (6 Cir., 1930).

"In United States v. Jeffers, 342 U.S. 48, 72 S. Ct. 93, 96 L. Ed. 59 (1951), and Trupiano v. United States, 334 U.S. 699, 68 S. Ct. 1229, 92 L. Ed. 1663 (1948), where it was held that property illegally seized could not be used as evidence in a criminal proceeding, it was noted that such property could nevertheless be forfeited.

---

[2] In *Dodge v. U. S.*, 272 U.S. 530, 532, 47 S. Ct. 191, 192, the Court, speaking through Mr. Justice HOLMES, recognized the same rule.

"It was said in Jeffers, 342 U.S. at page 54, 72 S. Ct. at page 96, 96 L. Ed. 59: *'Since the evidence illegally seized was contraband the respondent was not entitled to have it returned to him.* It being his property, for the purposes of the exclusionary rule, he was entitled on motion to have it suppressed as evidence on his trial.' (emphasis supplied), and in Trupiano, 334 U.S. at page 710, 68 S. Ct. at pages 1234-1235, 92 L. Ed. 1663: 'It follows that it was error to refuse petitioners' motion to exclude and suppress the property which was improperly seized. *But since this property was contraband, they have no right to have it returned to them.'* (emphasis supplied)

"The sum of Jeffers and Trupiano is that the body of law relating to unlawful searches, arrests and seizures in criminal proceedings is without impact in a libel for forfeiture action which is an in rem proceeding.

"As was succinctly stated in Grogan v. United States, 261 F. 2d 86, at page 87 (5 Cir., 1958), cert. den. 359 U.S. 944, 79 S. Ct. 725, 3 L. Ed. 2d 677: 'The seizure of property, the title to which has been forfeited by the United States, is to be distinguished from the exclusion of evidence secured through an unlawful search and seizure. In the one case the Government is entitled to the possession of the property, in the other it is not.' "

In *U. S. v. Carey*, 272 F. 2d 492, 493, 494, where federal agents had noted that an automobile "was sagging in the rear and appeared to be heavily loaded" and had stopped the automobile finding a bottle of moonshine whiskey and 52 gallons of nontaxpaid whiskey in the car, the United States instituted forfeiture proceedings. Therein the Court stated: "There is a proper distinction between obtaining evidence for a criminal prosecution and a seizure of forfeited property under Internal Revenue laws" (p. 493) and that

"[e]ven if it were assumed that the search and seizure were illegal, that would not defeat the Government's action for forfeiture." (p. 494). In *U. S. v. One 1956 Ford Tudor Sedan*, 253 F. 2d 725, 727, the Court said: "Legal infirmities in the seizure do not impair the right of the United States to condemn or clothe the former owner with property and possessory rights he lost when he used the property in violation of the revenue laws. Considerations which, in criminal cases, require the suppression of evidence obtained in an unlawful search or seizure have no application here. . . . We deem it unnecessary to extend, beyond the suppression of evidence in the criminal jurisdiction, the overlordship of the conduct of federal law enforcement officers."[3] See also: *Martin v. U. S.*, 277 F. 2d 785, 786.

In this Commonwealth our courts have held that an unlawful seizure of contraband will not bar its forfeiture. In *Commonwealth v. Scanlon*, 84 Pa. Superior Ct. 569, 571, 572, Judge (later President Judge) KELLER stated: "If intoxicating liquor, unlawfully possessed, is found on a man's premises and comes into the possession of the Commonwealth, the law of this State does not require it to be returned to his criminal possession even though custody of it was obtained by an illegal search [citing cases]. . . . This is on the principle that, if the possession is unlawful, the liquor is forfeited to the Commonwealth, and no property rights can exist in favor of an individual to such forfeited or contraband property." See also: *Commonwealth v. Davis*, 163 Pa. Superior Ct. 224, 60 A. 2d 552; *Com-*

---

[3] We are not unaware of the observation of Mr. Justice GOLD-BERG, concurring in *Cleary v. Bolger*, 371 U.S. 392, 83 S. Ct. 385 (1963), that the effect of the Fourth Amendment in civil cases in the federal courts is not "totally settled" and of the observation of Mr. Justice BRENNAN, dissenting in *Cleary*, that "it has not yet been settled whether Mapp [*Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081] applies to administrative proceedings."

monwealth v. Hunsinger, 89 Pa. Superior Ct. 238, 242; Commonwealth v. One Box Benedictine, 89 Pa. Superior Ct. 467, aff'd. 290 Pa. 121.

The legislature has seen fit to declare the nonexistence of property rights in any automobile used in the illegal transportation of liquor and that such an automobile is contraband. Under the decisional law of both federal and state courts, supra, we are satisfied that, even if the instant automobile had been illegally seized, such fact would not preclude the instant civil proceeding of forfeiture.[4]

Order affirmed.

Mr. Justice MUSMANNO dissents.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur fully with the opinion of the Court. However, I wish to add the following comment concerning the Liquor Code and its application to this case.

Section 602 of the Liquor Code, April 12, 1951, P. L. 90, 47 P.S. §6-602, provides: "(b) A copy of said petition [for forfeiture] shall be served personally on said owner if he can be found within the jurisdiction of the court, or upon the person or persons in possession at the time of the seizure thereof. Said copy shall have endorsed thereon a notice as follows:

" 'To the Claimant of Within Described Property: You *are required to file an answer* to this petition setting forth your title in and right to possession of said property, within fifteen (15) days from the service hereof; and you are also notified that *if you fail to file said answer, a decree of forfeiture and condemnation will be entered against said property.*' " (Emphasis supplied.)

---

[4] We do not, nor need we, for the reasons set forth in this opinion, pass upon the validity of the seizure of this automobile. The validity of such seizure is of no moment in this proceeding.

"(d) Upon the filing of any claim for said property, setting forth a right of possession thereof, the case shall be deemed at issue and a time fixed for the hearing thereof."

Here, the uncontradicted fact is that the petition for forfeiture contained the notice to claimant in the precise statutory language and that no answer or claim was filed as required by the Code. Upon the failure to file an answer, all that the Code mandates is that a forfeiture decree in rem be entered.[1] Moreover, absent the filing of a claim under subsection (d), there was no issue to be considered by the court below.[2]

The facts are undisputed, particularly the fact that the car was used in the illegal transportation of untaxed liquor, which may be deemed admitted on this record. In the absence of an answer to the petition or the filing of a claim of ownership pursuant to the Code, there remains only the entry of a final order of forfeiture as mandated by the Code.

---

[1] It should be noted that, as the trial court observed, "in a companion petition, the Commonwealth sought forfeiture of the liquor and wine, which was confiscated. The petition was not opposed, and forfeiture was ordered." No appeal was taken from that order.

[2] Thus, it is suggested that the hearing below was unnecessary and contrary to the provisions of the Code.