Commonwealth of Pennsylvania, Appellant, *v.* 23 Electronically Operated "Pinball" and "Console" Amusement Machines, Appellee.

Argued October 3, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Glenn Gilman,* Assistant Attorney General, with him *M. Faith Angell,* Assistant Attorney General, *Michael Von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*John F. X. Fenerty,* with him *Charleston & Fenerty, P. C.,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, November 23, 1973:

The subject matter, the nature of and the "parties" to the proceedings below are all involved in this appeal

by the Commonwealth from an order of the lower court dismissing its preliminary objections to a petition seeking to suppress evidence and to have returned certain allegedly non-skill or multi-coin pinball or console devices seized pursuant to the Act of March 31, 1860, P. L. 382, 18 P.S. §1445 (repealed 1972), to the places from which they were taken.

Following an investigation by officers of the Pennsylvania State Police, search warrants were sought before and issued by a judge of the Court of Common Pleas of Philadelphia County for the seizure of certain identified machines or devices alleged to be gambling devices *per se,* presumably upon proof of probable cause. Nineteen warrants were issued and on January 22, 1973, they were executed resulting in the seizure of twenty such devices and the seizure of three additional devices not supported by a search warrant. Since then all seized devices remain in the custody of the Pennsylvania State Police. Notwithstanding the provisions of the Act of 1860 that the seizing officer shall make a return of the seizure to "the next court of quarter sessions of the proper county,"[1] the Pennsylvania State Police failed to comply with this statutory mandate and continue to do so.

On February 1, 1973, the above petition was filed by the "in rem interests" in the seized machines alleging that those taken without a search warrant were seized without probable cause and not incident to a lawful arrest; that none of the seized machines were in any way connected with or instruments of the commission of any crimes, and that the search warrants issued were served and executed in an illegal and improper manner. We need not and do not reach these issues in disposing of this appeal.

---

[1] Now the Criminal Division of the proper Court of Common Pleas.

The Commonwealth's preliminary objections are a multiple attack upon the jurisdiction of the lower court over the subject matter, over the parties, the want of capacity to sue on the part of petitioner, and the want of specificity and the failure of the petitioner to state a cause of action.

The lower court in its opinion addressed itself to each of the Commonwealth's preliminary objections and found them to be without merit. We affirm. In doing so, because of the novelty of the question in relation to this Court's exclusive original jurisdiction in "[a]ll civil actions or proceedings against the Commonwealth or any officer thereof . . . ," Section 401, Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P. L. 673, 17 P.S. §211.401, we shall elaborate on this particular issue. In disposing of this issue the lower court said:

"While the petition identifies the Commonwealth as the defendant, it is not a civil action, but rather a proceeding to compel the Commonwealth to demonstrate the propriety of the seizure. It was filed in the same Court which issued the warrants, a procedure sanctioned by the Court in Rosen v. Supt. Police LeStrange, 120 Pa. Super. 59 (1935). Indeed, the Act of March 31, 1860, supra, requires the officer seizing the article to make a return, in writing, to the next Court of *Quarter Sessions* (now Criminal Division of the Court of Common Pleas) of the *proper county* which shall hear the parties and determine the issue of forfeiture. 'The statutory procedure indicated by the two sections of the Act of 1860 was intended to be exclusive to determine the legality of such seizure, as outlaw property, as long as the devices and money remained in the hands of the officer who seized it. . . .' Schuettler v. Maurer, 159 Pa. Super. 110, 112 (1946).

"A petition attacking the validity of a seizure of property pursuant to a provision of the penal code

cannot be classified as a civil action within the meaning of the Appellate Court Jurisdiction Act. 'A forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding is to penalize for the commission of an offense against the law,' one Plymouth Sedan v. Pennsylvania, supra, at 700.

"We are satisfied that the specific language of the Act of 1860 vesting jurisdiction in this Court is not abrogated by the Appellate Court Jurisdiction Act of 1970. Our conclusion is supported by Pa. R. Crim. P. 2001(a) which provides, 'Any person aggrieved by an illegal search and seizure may apply to the Court of . . . the seizure county for the return of the property. . . .' It should be noted that term 'person aggrieved' contemplates that persons other than defendants in criminal cases may apply for relief." (Emphasis in original.)

Although proceedings of this nature have historically been identified as civil proceedings in rem, not criminal proceedings, *Commonwealth v. One 1958 Plymouth Sedan*, 414 Pa. 540, 201 A. 2d 427 (1964), *rev'd on other grounds,* 380 U.S. 693 (1965), the Commonwealth would have us affirm the essential nature of the proceedings as civil but would also have us ignore the in rem nature of the same proceedings to reach the conclusion that it is a civil action or proceedings against the Commonwealth or any officer thereof.

Because of recent developments in the law affording to such proceedings constitutional protections associated with criminal proceedings, it is debatable today whether such proceedings are now properly classified as essentially criminal or civil in nature. It is clear, however, that if criminal in nature this Court is without jurisdiction under Section 401, ACJA, or if civil and in rem we are equally without jurisdiction as not being a proceedings against the Commonwealth or any officer thereof, but one against the property itself.

We are also persuaded of the soundness of the reasoning of the lower court that the petition in question is directed to forfeiture proceedings which by statute are to be brought in the criminal division of the appropriate common pleas court. To say that this Court has jurisdiction simply because the police officer, having custody of the property, has not made a return thereof to the criminal division of the appropriate court of common pleas contrary to the mandate of the Act of 1860, or because formal forfeiture proceedings have not been initiated against the property, is patently illogical. Jurisdiction in one court cannot be founded upon the default of one to perform a statutorily mandated duty in another court nor upon the failure of one to exercise his rights concerning a subject matter which the legislature has declared to be within the jurisdiction of another court.

Order affirmed.