**TURNER v. CAMP, U. S. Atty., et al.**

No. 10070.

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1941.

Rehearing Denied Dec. 18, 1941.

J. F. Kemp, Clint W. Hager, both of Atlanta, Ga., and J. M. Johnson, of Gainesville, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Astor Merritt, Sp. Asst. U. S. Atty., both of Atlanta, Ga., for appellees.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

This is an original petition in the District Court brought by Turner against Camp as United States district attorney and Johnston as special investigator for the Federal Alcohol Tax Unit. It states that petitioner was the owner of a described truck which was by one Letteer, a federal alcohol tax agent, unlawfully seized and himself unlawfully arrested while driving the truck on the highway in Cobb County, Georgia, on the way to Atlanta in Fulton County. He alleges the officer had no warrant and had no probable cause for believing that any law, State or federal, was being violated. Yet with entire frankness he also alleges "That said truck was loaded with lumber, but so it is that in the very center of said truck-load of lumber there was a trap or compartment in which certain tax-unpaid liquor was stored. That said liquor in said compartment as aforesaid was not visible to anyone observing said truck because the same was completely surrounded on the sides, front and back with lumber stacked on said truck." There is no denial that petitioner knew the contraband liquor was so concealed and that he was in the very act of removing it contrary to law. He alleges that Johnston, the truck having been appraised at less than $500, is advertising it for sale as forfeited under R.S. § 3450, 26 U.S.C.A. Int.Rev.Code, §§ 2807, 3321, and that Camp is intending to present the evidence obtained by the unlawful search to the grand jury. The prayers are in effect that the search and seizure be declared illegal; that Camp and his assistants be restrained from using any evidence obtained by said search; and that Johnston be restrained from disposing of the truck and that it be returned to petitioner. The district judge heard evidence and denied all the prayers, and this appeal followed.

The prayers that the seizure of the truck be declared unlawful, that the proceedings to condemn the truck be arrested and that it be returned to the petitioner, ought to have been denied on the face of the petition. The United States, in whose behalf the seizure was made and the truck is now held, is not a party. The revenue statutes provide a remedy for testing the validity of seizures and forfeitures of property for breaches of them. If it be true as alleged that the seizure was made on evidence unlawfully obtained, the petitioner is here voluntarily alleging the truth of what was wrongfully learned, that his truck was when seized being used for the concealment and removal of tax-unpaid liquors. The United

842

States does not need to rely for forfeiture on what the unlawful search may have disclosed, but may prove its case out of the petitioner's own mouth. That a federal officer may have erred in making an unlawful search does not give the truck immunity if its guilt is otherwise proven. In this proceeding, in which the guilt of the truck is admitted, the court should not order forfeiture stopped and the truck restored.

 The prayers for suppression of evidence required a trial and were fully tried. That on a summary proceeding such as this is, brought against the prosecuting officer and those in possession of property held merely to be used as evidence, the legality of a search which disclosed the evidence may be tried and proper relief given, when a prosecution has not been started, and that the judgment may be appealed from as a final judgment, is established. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. The petitioner's admissions of guilt do not preclude this, because he does not pray that all prosecution be stopped but only that unlawful evidence be suppressed. If indicted, he may repudiate his present admissions and plead not guilty, and put the prosecution on proof of his guilt. The same thing may be true on properly invoked proceedings to forfeit the truck. The district attorney defends the search and his right to use the evidence discovered. So we must decide whether there was, as petitioner asserts, a violation of the provision of the Fourth Amendment prohibiting unreasonable searches and requiring when a warrant is necessary that it issue only on probable cause and particularly describe the person to be arrested or the places to be searched and the things to be seized.

The evidence is uncontradicted that the Federal and State officers, who in cooperation made the search, were informed about midnight that the truck particularly described was being used to bring illicit liquors into Atlanta. They did not know where the truck then was, and could not conveniently have obtained a search warrant. They considered their informant reliable. About 8:30 the next morning, while driving in an automobile in Cobb County, in pursuit of their duties but not looking for this truck, they met it proceeding toward Atlanta in charge of Turner, who worked around a filling station in Atlanta which had the reputation of being a hangout for bootleggers. They turned around and pursued the truck and after some fast driving overtook and stopped it. There is conflict as to what then occurred, but the evidence authorized a finding that one officer went to the cab and took charge of Turner while the other went to the rear of the truck and saw that the lumber was old lumber, and that the planks in the middle of the load were nailed together, some sticking out beyond the others and worn slick, apparently having been used to mount the load. He climbed up and told the other officer to hold to Turner, and he asked Turner how much liquor he had there and Turner replied 282 gallons. The officer then lifted the top layer of lumber and discovered 282 gallons of liquor packed in a cache formed by the cab in front, and by long pieces of lumber stacked up regularly on the sides, while the back was closed by short pieces of lumber nailed to each other so as not to fall out. A layer of long pieces covered the top and the whole was bound together, as is usual, by a chain passing around the entire load.

 This clearly is a case where a search warrant was not required. Carroll v. United States, 267 U.S. 132, 45 S. Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790. The officers were not looking for this truck at a particular place to search it, but met it unexpectedly while it was in full motion. There was then no reasonable opportunity to get their informant and swear out a warrant. They saw the truck which they had been informed was engaged in handling illicit liquors going from the mountain country from which it is common knowledge illicit liquor has for generations been carried to market in Atlanta. The lumber it carried was not new lumber on the way to market, but old lumber which one would think not in itself worth hauling to Atlanta. They stopped the truck, recognized the driver as a person working at a filling station of bad repute, but which had no known use for old lumber. On inspection the load was seen to be a false one, a pretense, and on enquiry Turner said he had 282 gallons of liquor under it. All of this occurred, according to the officer, before any search was made. We think there was probable cause to search the truck to see if in truth it was being used to remove and conceal illicit whiskey.

■ Each such case stands on its own facts. Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374. Reliable information is considered a weighty circumstance when corroborated otherwise. Flight has been held such corroboration. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407; Thompson v. United States, 5 Cir., 44 F.2d 165. An appearance of false loading, and of long use of the false load, and the admission of Turner that he was hauling liquor surely suffices.

Judgment affirmed.