Samuel Eugene CROSBY, Odie Jeap Holland and Guy Auston Smith, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15526.

United States Court of Appeals Fifth Circuit.

April 18, 1956.

Rehearing Denied May 17, 1956.

John W. Muskoff, Jacksonville, Fla., for appellants.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., J. Edward Worton,

Asst. U. S. Atty., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

The appellants, Samuel Eugene Crosby, Odie Jeap Holland and Guy Auston Smith, were convicted under an indictment charging them in one count with violating Section 371 of Title 18 U.S. C.A. by conspiring with four other persons to manufacture, conceal, possess and transport nontaxpaid distilled spirits and to defraud the United States of taxes due on such spirits in violation of various sections of the Internal Revenue Code.[1] Holland and Crosby were sentenced to four years' imprisonment, and Smith was given a two-year sentence.[2] The principal question before us here is whether the Court committed reversible error in eliciting in the presence of the jury testimony from an Alcoholic Tax Unit agent concerning his knowledge of appellant Holland's reputation in connection with determining the legality of the search of a truck being driven by Holland.

The indictment charged a continuing conspiracy in Dade County, Florida. In furtherance of the alleged conspiracy the indictment set out ten overt acts which took place in a number of Florida counties, including Dade County, and involving one or more of the co-conspirators. Appellants raise no question of the sufficiency of evidence to prove the conspiracy charge and, therefore, a discussion of all of this evidence is unnecessary.

Appellants complain that there was a fatal variance between the indictment and the proof in that the indictment charged a conspiracy in Dade

County, while only about one-half of the overt acts took place there. The place of the conspiracy is immaterial if at least one of the overt acts alleged and proved took place in the jurisdiction of the court.[3] Here there is no question of jurisdiction or venue, and we find no merit in the contention of variance. Appellants were fully apprised of the charges against them and the proof to be made. There was no room for confusion or prejudice.

The tenth overt act charged as part of the basis of the conspiracy concerned the results of a search of a truck being driven by appellant Holland. A. T. U. Agent Watt testified that, at about midnight on May 28, 1954, he and another agent were given information which was "reliable under the circumstances" that a red van truck with a South Florida license tag was "loading out". The agents knew that they meant the truck was being loaded with illicit whiskey. While patrolling the area, they passed such a truck being driven without running lights as required to be used on such trucks. The agents returned and found the truck in front of a country grocery store, this store having a reputation for "moonshine activities". The truck was moving slowly into the highway when the officer stopped it. Upon inquiry the driver gave his name, but said the truck did not belong to him and that it was empty. A search disclosed that the truck contained 1,115 gallons of nontaxpaid whiskey. Agent Watt was cross-examined as to the nature and validity of Holland's arrest and in this connection the Court interpolated questions concerning whether Watt knew at the time what business Holland was engaged in and what his reputation was. Watt stated that Holland had a reputa-

1. Sections 2810, 2833, 2834, 2913, 3321, 2803, and 2806 of 26 U.S.C.A. (1939 I.R.C.).

2. Two of the co-conspirators named were not indicted, and the other two who were indicted were found not guilty.

3. Baker v. United States, 5 Cir., 1922, 285 F. 15; Woitte v. United States, 9 Cir., 1927, 19 F.2d 506. See also Hyde v. United States, 1912, 225 U.S. 347, 32 S. Ct. 793, 56 L.Ed. 1114, and Brown v. Elliott, 1912, 225 U.S. 392, 32 S.Ct. 812, 56 L.Ed. 1136.

tion of being in the moonshine business. The jury was then excused upon the Court's suggestion, and inquiry on the subject of the search was had.

■ The appellants contend that error was committed in putting Holland's reputation before the jury when it had not previously been put in issue by the defense. It was for the Court to determine the legality of the search and the resultant admissibility of the evidence obtained. The legality of the search of a motor vehicle depends upon the existence of probable cause to believe that the vehicle is transporting contraband. Carroll v. United States, 1925, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. Brinegar v. United States, 1949, 338 U.S. 160, 69 S. Ct. 1302, 93 L.Ed. 1879. We have recognized that reputation may bear upon the existence of probable cause, Turner v. Camp, 5 Cir., 1941, 123 F.2d 840, and the alleged prejudicial questions asked by the Court were obviously directed to ascertaining that reputation.

■ Moreover, there was no timely request that the jury be excluded while this line of questioning took place.[4] The Court itself finally suggested that the jury be retired, but defendants' counsel responded that it was too late.[5] The Court below cannot be put in error for questioning the witness in the presence of the jury when no objection was made on that ground and no request was made that the jury retire from the courtroom.

The record clearly shows that the appellants were afforded a fair trial and that the jury was amply justified in finding them guilty of the conspiracy charged. Finding no error in the matters complained of here, the judgment is

Affirmed.

4. The only such request was made in connection with an argument being made by the government's attorney on a motion by the defense seeking exclusion of testimony concerning the reputation of the grocery store in front of which the truck was found and searched. At that point, the attorney for one of the defendants stated: "If we are going to argue more on this motion, I ask that the jury be excused." The argument thereupon ceased and the Court resumed its inquiry of the witness as to the source and reliability of his information that the truck was hauling illegal whiskey.

5. "I think it is too late to have the jury excused at this point. I think they ought to have been excused before that."