Willie BRUNER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18796.

United States Court of Appeals Fifth Circuit.

Sept. 1, 1961.

Rehearing Denied Oct. 2, 1961.

S. Gunter Toney, Tallahassee, Fla., for appellant.

Edward L. Stahley, Asst. U. S. Atty., Tallahassee, Fla., C. W. Eggart, Jr., Acting U. S. Atty., Pensacola, Fla., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant seeks the reversal of his conviction and sentence for the possession of moonshine whiskey in violation of 26 U.S.C.A. §§ 5205(a) (2), 5604(a) (1), and the removal of moonshine whiskey in violation of 26 U.S.C.A. § 5601(a) (12). He waived trial by jury. Before trial the appellant moved to suppress and exclude as evidence a five gallon jug containing the moonshine whiskey. The motion to suppress was denied. The appellant was adjudged guilty, his motion for a new trial was overruled, he was sentenced, and has appealed.

It was stipulated that the evidence on the motion to suppress might be considered in the trial of the cause. The evidence showed that a Florida State Beverage Agent, B. H. Jones, was told in Marianna, Florida, at about six-thirty in the evening on June 17, 1960, by a confidential informer that a 1957 Ford with a 1960 Florida tag, driven by Willie Bruner or by "any other white male or any other person," would pick up some whiskey in the Bates Settlement before midnight of that day. The court sustained the Government's objection to the question asked of Jones by appellant's counsel as to the name of the confidential informer. The Bates Settlement was identified as an area at the boundary line between Calhoun and Jackson Counties · in Florida. The residence in the area of several families by the name of Bates gave it its name. Over objection, testimony was received that the Bates Settlement had the reputation of being a place where whiskey was made and hauled out.

Agent Jones and Federal Treasury Investigator Sims went by automobile that evening to the Bates Settlement. With them was another Florida Beverage Agent named W. A. Dykes, who went along for the ride and the experience. About 9 o'clock, on a dirt road, near the Bates area, the car containing the officers met a 1957 Ford. They turned around to follow it. The 1957 Ford took off at a high rate of speed with the officers following and at times, said one of the officers, "sweeping out some sand ditches." After traveling the dirt road a few miles the Ford reached and turned onto a paved highway with the officers in pursuit. They reached a speed of over 100 miles an hour before overtaking the Ford. As they came up to it, their siren was blown and the Ford went onto the shoulder and stopped. Florida Agent Jones went to the Ford. Bruner, the appellant, was the only occupant. Jones recognized the driver as Bruner. Jones threw his flashlight in the car and discovered a five gallon jug of untaxed moonshine whiskey. At this juncture the federal officer came up to the 1957 Ford,

Bruner got out and the federal officer placed him under arrest. Bruner's motion to suppress was overruled, he was adjudged guilty and given an eighteen months' sentence.

Two questions are raised on appeal, that the motion to suppress should have been granted and that the court should have required the disclosure of the identity of the confidential informer.

■ Our question as to the validity of the search and seizure is one of probable cause, that is, a belief "reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction." Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 284, 69 L.Ed. 543. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Chapman v. United States, 5 Cir., 1961, 289 F.2d 539; Patenotte v. United States, 5 Cir., 1959, 266 F.2d 647; Flores v. United States, 5 Cir., 1956, 234 F.2d 604. Here the officers were informed that a car of a particular make, model, year and color, would be in or coming from a location having a reputation for moonshine activity, driven by Bruner or some white male, and containing untaxed whiskey. This information supplied probable cause for following the Bruner car and upon it being stopped and Bruner being recognized, justified the search. The full discussion in Patenotte v. United States, supra, obviates any need for a further review of the authorities in this opinion. Each case is to be decided upon its own facts. Upon the facts of this case the search and seizure were justified.

■ On the question as to whether the Government should have been required to disclose the identity of the informer, it seems now to be settled that such disclosure cannot be required unless it is relevant and helpful to the defense of the accused or is essential to a fair determination of a cause. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639; Scher v. United States, 305 U.S.

251, 59 S.Ct. 174, 83 L.Ed. 151; Miller v. United States, 5 Cir., 1959, 273 F.2d 279, certiorari denied 362 U.S. 928, 80 S. Ct. 756, 4 L.Ed.2d 747. Nothing in the record before us shows any need for requiring the disclosure to be made.

We find no error. The judgment of the district court is

Affirmed.