Jimmie Lee HOWARD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19407.

United States Court of Appeals Fifth Circuit.

Aug. 31, 1962.

O. B. Cline, Jr., Miami, Fla., for appellant.

Robert H. Newman, Asst. U. S. Atty., Miami, Fla., Edward F. Boardman, U. S. Atty., William P. Crewe, Asst. Regional Counsel, I. R. S., Atlanta, Ga., on the brief, for appellee.

Before CAMERON, JONES and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal from a conviction on a charge of illegal possession and transportation of non-tax-paid whiskey attacks only the ruling of the trial court in refusing to suppress certain evidence. Before the trial, the appellant moved to suppress the evidence upon which the conviction was based, basing the motion on the ground that the whiskey was illegally seized without a warrant. The motion to suppress was denied. The appellant was adjudged guilty by the court, jury being waived; his motion for rehearing was denied; he was sentenced, and has appealed.

The evidence showed that Federal Officer Brown, at 6:30 P.M. on January 29, 1960, observed a Mrs. Aldridge leave her residence and proceed to a supermarket located in Miami, Dade County, Florida. After she arrived at the supermarket she was joined by her husband, Elbert Aldridge. A 1952 black Ford sedan was seen parked in the parking lot at the supermarket. This vehicle had been observed previously at the Aldridge residence. Investigator Brown had been informed from a reliable source that Elbert Aldridge was transporting illicit whiskey

---

2. Bradey v. Ribicoff, 4 Cir., 298 F.2d 855.

into the Miami and Dade County area in a 1952 Ford bearing 1960 license number 1–49245.

Brown had been informed further that, when Aldridge arrived in the immediate vicinity, he would contact his wife by telephone, that Mrs. Aldridge would then leave her residence and join her husband and that the delivered whiskey would be picked up by Jimmie Lee Howard. As Investigator Brown was observing the parking lot of the supermarket an old model Mercury automobile pulled up and parked alongside the 1952 black Ford. The driver was identified as Jimmie Lee Howard. The other occupant of the Mercury was unidentified. After some conversation at the parking lot between Aldridge and Howard, the latter and the unidentified person got into the 1952 black Ford, having license No. 1–49245, and departed.

Agent Brown radioed State Agent Kendall and Federal Officer Kelly and they pursued Howard. After a block-long chase, Howard lost control of the car and it went up a three-foot embankment where it stalled. Howard attempted to escape, but was apprehended by Agent Kendall. Kendall observed that the doors of the black Ford were open and that the back seat was loaded with five gallon cans. During the chase Kendall observed that the Howard vehicle was riding very low and had the appearance of being loaded. It was this evidence which the officers seized that appellant attempted to have suppressed. The motion to suppress was denied, and this appeal resulted.

Here, there is no doubt that the facts that had come to the attention of the officers were sufficient to lead a reasonably discreet and prudent person to believe that liquor was illegally possessed in the automobile. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629.

This Court has dealt with a situation factually identical in material details, in the case of Bruner v. United States, 5 Cir., 1961, 293 F.2d 621. The rule there set out is, we think, controlling here. The court said there:

"Our question as to the validity of the search and seizure is one of probable cause, that is, a belief 'reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction.' Carroll v. United States, 267 U.S. 132, 149, 45 S.Ct. 280, 284, 69 L.Ed. 543. See Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Chapman v. United States, 5 Cir., 1961, 289 F.2d 539; Patenotte v. United States, 5 Cir., 1959, 266 F.2d 647; Flores v. United States, 5 Cir., 1956, 234 F.2d 604."

The cases referred to above obviate the need for a further review of the authorities in this opinion. Upon the facts of this case, the search and seizure were justified. The judgment of the lower court is

Affirmed.