**Samuel Eugene SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22695.**

United States Court of Appeals
Fifth Circuit.

July 18, 1966.

John T. Brennan, Ft. Pierce, Fla., for appellant.

James W. Matthews, Asst. U. S. Atty., Miami, Fla., for appellee.

Before WISDOM and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM.

The appellant Samuel Eugene Smith, was convicted by a jury April 26, 1965 for transportation and possession of distilled spirits without proper stamps in violation of the Internal Revenue Code, 26 U.S.C. §§ 5205(a) (2), 5604(a) (1). He alleges three errors in this appeal: (1) Insufficient evidence of dominion and control to support the conviction; (2) prejudicial emphasis in the charge to the jury on the indictment and the definition of "joint possession"; and (3) illegal search and seizure of the unstamped whiskey.

We find no reversible error in this case. The evidence of dominion and control of the whiskey is sufficient to support the verdict of guilty. See Handford v. United States, 5 Cir. 1957, 249 F.2d 295. The charge describes the indictment and the definition of "joint possession" with sufficient clarity. The judge specifically cautioned the jury against drawing an unfavorable inference from his repetition of any element of the

instructions. See Garner v. United States, 6 Cir. 1957, 244 F.2d 575, cert. denied, 355 U.S. 832, 78 S.Ct. 47, 2 L.Ed. 2d 44.

 The court did not err in denying the appellant's motion to suppress evidence of whiskey seized without a warrant. The facts that had come to the attention of the arresting officers were "sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor [was] illegally possessed in the automobile to be searched." Husty v. United States, 1931, 282 U.S. 694, 701, 51 S.Ct. 240, 242, 75 L.Ed. 629, 632. The seizure of the whiskey followed a familiar pattern. An informer reported to government agents that he would drive automobiles containing untaxed liquor to a rendezvous with the arresting officers. He did. See Bruner v. United States, 5 Cir. 1961, 293 F.2d 621. The trial judge had ample opportunity to affirm the informer's record of reliability; the informer testified at the trial. Cf. Bruner v. United States, supra, 293 F.2d at 622.

The judgment must be affirmed.