**David Lynneous HIOTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 22678.

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1967.

---

———◆———

Melvyn Kessler, North Miami Beach, Fla., for appellant.

James W. Matthews, Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

The sole question presented on this appeal is whether or not the trial court committed error in the denial of appellant's motion to suppress evidence seized without a warrant. Appellant was tried jointly with his co-defendant, Samuel Eugene Smith, and both were convicted. Smith's conviction on appeal was affirmed by this Court July 18, 1966, 363 F.2d 428.

We disposed of the search question there in the following language:

"The court did not err in denying the appellant's motion to suppress evi-

dence of whiskey seized without a warrant. The facts that had come to the attention of the arresting officers were 'sufficient, in the circumstances, to lead a reasonably discreet and prudent man to believe that liquor [was] illegally possessed in the automobile to be searched.' Husty v. United States, 1931, 282 U.S. 694, 701, 51 S.Ct. 240, 242, 75 L.Ed. 629, 632. The seizure of the whiskey followed a familiar pattern. An informer reported to government agents that he would drive automobiles containing untaxed liquor to a rendezvous with the arresting officers. He did. See Bruner v. United States, 5 Cir. 1961, 293 F.2d 621. The trial judge had ample opportunity to affirm the informer's record of reliability; the informer testified at the trial. Cf. Bruner v. United States, supra, 293 F.2d at 622."

Nothing presented on this appeal requires or even permits a different result.[1]

The judgment is affirmed.

1. The holding of this Court in Williams v. United States, No. 24456, decided July 31, 1967, 382 F.2d 48, is not apposite here. We view that decision (as is true of most search cases) as based on the peculiar circumstances there present, entirely different from those in the case *sub judice.*