Noah GRIMES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 25568.

United States Court of Appeals
Fifth Circuit.

Dec. 5, 1968.

**478**

W. O. Cooper, Jr., Macon, Ga., for appellant.

Walker P. Johnson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

Appellant was convicted of possessing and transporting whiskey in violation of 26 U.S.C.A. Sections 5205(a) (2) and 5604(a). He raises the following issues on appeal.

1. Was the grand jury which considered this case properly constructed?

2. Was the search of appellant's automobile without a warrant, and the seizure of the evidence therein unreasonable and without probable cause in violation of Amendments 4 and 5?

3. Was admission of the fingerprints and hair samples into evidence a violation of appellant's 5th Amendment right not to testify against himself?

■ Issue number one was urged by appellant in a previous appeal, and was decided adversely to appellant's contention. c. f. Grimes v. United States of America, 391 F.2d 709 (5th Cir. March 20, 1968). The decision of this Court in the previous appeal is dispositive of the grand jury issue.

■ As to issue number two, the question arises as to whether or not there was an actual search since the automobile, after being wrecked, was abandoned with the front door on the driver's side remaining open so that the officers were able to observe the broken five gallon jug and smell the contraband whiskey leaking therefrom. To observe that which is open to view is not generally considered a search. Miller v. United States, 356 F.2d 63 (5th Cir. 1966).

If considered a search, "probable cause" is to be determined on a case by case basis in light of the particular circumstances. Potter v. United States, 362 F.2d 493 (5th Cir. 1966). In our case, we begin with the fact that "transportation" is a material element of the offense, thus, the reliable informer's tip-off, the appellant's reputation (recently convicted liquor violator), the manner in which the car was loaded and driven, and the flight, are all relevant and probative circumstances to be considered in dealing with probable cause.[1] All of these circumstances, coupled with the fact that an officer recognized and identified the appellant driving the automobile which was abandoned after the chase and wreck, and leaving the door open so that the liquor inside the car was in plain view, would unquestionably compel the conclusion that the search was reasonable and made with probable cause.

1. Crosby v. United States, 231 F.2d 679 (5th Cir. 1956) cert. den'd 352 U.S. 831, 77 S.Ct. 46, 1 L.Ed.2d 52; Patenotte v. United States, 266 F.2d 647 (5th Cir. 1959); Bruner v. United States, 293 F.2d 621 (5th Cir. 1961); Howard v. United States, 307 F.2d 350 (5th Cir. 1962); Vaccaro v. United States, 296 F.2d 500 (5th Cir. 1961) cert. den'd 369 U.S. 890, 82 S.Ct. 1164, 8 L.Ed.2d 289.

■■ Further, we find no merit in appellant's issue number three in which he contends that the admission of the fingerprints and hair samples into evidence was a violation of his 5th Amendment right not to testify against himself. The admission of fingerprint evidence is well established and the obtaining of hair samples after lawful arrest, where the means employed are reasonable, is not a violation of appellant's constitutional right. Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The means used cannot be said to "shock the conscience of the court."

Affirmed.