**UNITED STATES of America**

v.

**Richard G. MAZZELLA, Michael D'Angelo, Pasquale Rascona, Joseph Pascale and Scenzio John Patone, Defendants.**

**No. 68 Cr. 718.**

United States District Court
S. D. New York.

Jan. 9, 1969.

---

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for the United States, James W. Brannigan, Jr., Asst. U. S. Atty., of counsel.

Biaggi, Ehrlich & Lang, New York City, for defendants Mazzella and D'Angelo, Paul A. Victor, Saverio Muschio, Bernard G. Ehrlich, Mario Biaggi, New York City, of counsel.

Caiola & Victor, New York City, for defendant Rascona, Paul A. Victor, Saverio Muschio, Bernard G. Ehrlich, New York City, of counsel.

Evseroff, Newman & Sonenshine, Brooklyn, N. Y., for defendant Pascale, by William Sonenshine, Brooklyn, N. Y.

Emanuel Thebner, New York City, for defendant Patone.

## MEMORANDUM

BONSAL, District Judge.

The defendants are charged in a one-count indictment with possession of 100 RCA Color Television Sets which had been stolen while moving in interstate commerce from Indianapolis, Indiana to Freeport, New York, knowing that they had been stolen, in violation of 18 U.S.C. §§ 659, 2.

Defendants move for an order (1) suppressing evidence including the 100 RCA Color Television Sets, on the ground that the evidence was illegally obtained; (2) directing a severance and separate trial as to each defendant; and (3) directing the Government to furnish a bill of particulars.

*Motion to Suppress*

Defendants contend that the evidence obtained by the Government on July 22, 1968 was illegally obtained and that the search warrant issued and executed on July 23, 1968 was invalid since based in part on the alleged illegal search made on July 22.

A hearing was held on December 6, 1968. Special Agent Kelly of the F.B.I. testified that in the afternoon of July 22, 1968 he received a phone call from an informant that there were three rental trucks parked on Blondell Avenue in the Bronx containing stolen RCA Color Television Sets, and that two of the trucks bore out-of-state license plates and one of the trucks had a sign on it marked "Bananas." Kelly testified that the informant was reliable, having given him information on some fifteen prior occasions which had been corroborated from other sources, and that on five prior occasions the information given had resulted in arrests.

Kelly, accompanied by two other agents, drove to Blondell Avenue, arriving at 5:30 p. m., and observed two trucks, one bearing Oklahoma license plates (the Oklahoma truck) and the other with a sign, "Bananas" (the Banana truck). The agents observed the Banana truck leave the area and Agent Pennington followed it in his car, the other agents remaining on Blondell Avenue. Agent Kelly observed the Banana truck in the area again at about 7:15 p. m.

Agent Kelly testified that shortly after 7:15 p. m. Agent Pennington returned to Blondell Avenue and informed him that he had followed the Banana truck to a private home on Lurting Avenue, Bronx, and observed several boxes with markings of RCA television sets being unloaded from the Banana truck onto the driveway in front of the garage of the house.

Kelly and the other agents continued their surveillance and at about 8:45 p. m. Kelly observed the Oklahoma truck being driven out of the parking lot of J.J. & F. Fabricators at 1402 Blondell Avenue. The agents drove their car partly in front of the truck, then went to the driver and identified themselves as F.B.I. Agents. They asked the driver to get out of the car and frisked him. The driver gave his name as Patsy Russo but his driver's license gave his name as Pasquale Rascona, the driver stating that Patsy Russo was a nickname. Agent Kelly informed the driver that they were investigating the theft of RCA Color Television Sets and warned the driver of his constitutional rights. The agents then asked the driver for permission to look into the truck and the driver stated they could, that he didn't want any trouble. They then informed the driver that they could not look into the truck without his consent and the driver replied that it was all right for them to do so. The driver informed the agents that the truck was not his, but that he had been asked by "Mike," as a favor, to pull the truck out of the lot so that another one could be pulled in. Agent Kelly stated that the agents looked into the truck and saw cartons of RCA Color Television Sets, and, in looking into the cab of the truck, they found a rental agreement for the truck naming defendant Richard Mazzella as lessee. Agent Kelly testified that he asked the driver where Mike was and the driver indicated a direction near J.J. & F. Fabricators, but Mike was not located. The agents observed the Banana truck parked in an alley beside J.J. & F. Fabricators.

Special Agent Ahearn of the F.B.I. testified as to the surveillance conducted on Blondell Avenue and as to the search made of the Oklahoma truck. Agent Ahearn further testified that after the Banana truck was located, unattended, the agents opened the door of the truck, observed cartons of RCA Color Television Sets and copied down the serial numbers on the cartons.

The next day, July 23, Agent Ahearn prepared an affidavit based on the events of July 22 and obtained a search warrant for the "premises at 2718 Lurt-

ing, Bronx, New York, entire building of three levels" to search for "a number of RCA Color television sets * * * which have been * * * stolen * * while * * * moving as * * * an interstate shipment of freight * * "

On the basis of the evidence adduced at the hearing, the agents had probable cause to search the Oklahoma truck. While they did not have a warrant and they did not arrest the driver, the Government contends that the driver gave his consent to the search, Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649 (1951); United States v. Smith, 308 F.2d 657 (2d Cir. 1962); United States v. Lewis, 274 F.Supp. 184 (S.D.N.Y.1967); and that the driver's consent was intelligently given and not a product of coercion, United States v. Smith, supra. The evidence supports the Government's contention. Agent Kelly warned the driver of his constitutional rights and on two occasions the driver expressed his consent to the agent's looking into the truck. The driver, as bailee in possession, had authority to consent to the search. United States v. Botsch, 364 F.2d 542 (2d Cir. 1966), cert. denied, 386 U.S. 937, 87 S. Ct. 959, 17 L.Ed.2d 810 (1967); United States v. Eldridge, 302 F.2d 463 (4th Cir. 1962).

As to the Banana truck, a different situation is presented since the evidence shows that the agents searched the truck without permission. However, there is no doubt that probable cause existed for making the search and that the search was reasonable. As pointed out in Dyke v. Taylor Implement Co., 391 U.S. 216, 221, 88 S.Ct. 1472, 1475, 20 L. Ed.2d 538 (1968),

> "Automobiles, because of their mobility, may be searched without a warrant upon facts not justifying a warrantless search of a residence or office. * * * The cases so holding have * * * always insisted that the officers conducting the search have 'reasonable or probable cause' to believe that they will find the instrumentality of a crime or evidence pertaining to a

crime before they begin their warrantless search."

See also Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); United States v. Di Re, 332 U. S. 581, 585, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Husty v. United States, 282 U. S. 694, 700, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407 (1931); Glavin v. United States, 396 F.2d 725, 728 n. 3 (9th Cir. 1968); Hiott v. United States, 384 F.2d 954 (5th Cir. 1967); United States v. Williams, 384 F.2d 988 (4th Cir. 1967). Having observed the television sets in the Oklahoma truck, television sets being unloaded from the Banana truck at Lurting Avenue, and on the basis of the information furnished by the informant, the agents had every reason to believe that more stolen television sets might be found in the Banana truck. Therefore the search of the Banana truck was valid under the rule laid down in Dyke v. Taylor Implement Co., supra. Since the searches of the Oklahoma truck and the Banana truck were valid, the information on which the search warrant was obtained the next day was not based on an invalid search and the warrant issued on Agent Ahearn's affidavit was a valid search warrant. Indeed, there was sufficient evidence in Agent Ahearn's affidavit, apart from the searches of the two trucks, to justify the issuance of the search warrant.

For the foregoing reasons, defendants' motion to suppress is denied.

*Motion for a Severance*

Defendants move for an order directing a severance and separate trials as to each defendant on the grounds that the defenses of each are antagonistic and that the Government will offer at trial evidence admissible only as to one of the defendants, which will be prejudicial to the others.

However, where a one-count indictment is involved, the general rule is that a single trial should be had as to all defendants, United States v. Fried, (S.D.N.Y.1968); United States v. Zim Israel Navigation Co., 239 F.Supp. 446

(S.D.N.Y.1965), unless severe prejudice to a defendant is shown. United States v. Van Allen, 28 F.R.D. 329 (S.D.N.Y. 1961).

Defendants' motion for severance and separate trials as to each defendant is denied, without prejudice to renew the motion at trial if such a showing is made.

*Motion for a Bill of Particulars*

Defendants move for a bill of particulars with regard to the facts surrounding the alleged offense. The Government has consented to provide the time and place of possession by defendants of the 100 RCA Color Television Sets. In addition, much of what the defendants request was revealed at the hearing on the motion to suppress. This information is all that the defendants are entitled to under Rule 7(f), F.R.Cr. P.

Defendants' motion for a bill of particulars is denied, except as consented to by the Government.

Therefore, defendants' motion for an order (1) suppressing evidence; (2) directing a severance and separate trial as to each defendant; and (3) directing the Government to furnish a bill of particulars, is denied.

It is so ordered.