UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Wendell BLACKWELL,
Defendant-Appellant.

No. 28665
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1970.

---

Wesley Williams, Decatur, Ga., (court appointed) for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Thomas Wendell Blackwell, defendant-appellant was tried before the District Court without a jury and convicted of possessing and transporting distilled spirits without proper stamps in violation of 26 U.S.C. § 5205(a) (2) and § 5604(a) (1). The only question presented is whether the government agents had probable cause to believe that the automobile involved contained contraband subject to seizure at the time it was stopped and searched. Before trial the appellant moved to suppress the use as evidence of twelve gallons of contraband whiskey which he alleged were illegally seized by the arresting federal agents. The district court denied the motion. Because we find, under the facts of this case, that the search and seizure were based on probable cause, we affirm.[1]

The essential facts appear to be these. Dale M. Harbolt, Special Investigator of the Alcohol, Tobacco and Firearms Tax Unit in Atlanta, Georgia testified that on May 21 or 22, 1968, he received information as to the use of a certain house for the concealment of whiskey from an informer who had provided reliable information on several occasions in the past. The information was to the effect that the house located at 65 Chandler Road was being used as a depot for the storage and distribution of contraband whiskey. Acting on this information Agent Harbolt put the house under surveillance.

On May 23, 1968 the informer's information was corroborated when two vehicles known as "trip rigs" (vehicles adapted for and used to carry illicit whiskey) made trips to and from the house. One of these vehicles was followed by Agent Harbolt from the time it left the Chandler Road house until it was parked and abandoned. At that point Agent Harbolt inspected the vehicle and discovered that the back seat had been removed, and he testified that he could smell the odor of whiskey coming from the interior of the car.

On the night of May 25, 1968 Agent Carl O. Koppe was positioned across the road from this house with a view of both the front and rear of the house. He was alone but was in radio contact with other agents stationed nearby. Agent Koppe testified that at approximately 12:00 p. m. a 1960 white 2-door Chevrolet sedan with one occupant arrived and proceeded down the driveway to the rear of the house. The vehicle remained at the house for about 15 minutes and then drove away. When it left, Agent Koppe radioed this information and the direction of travel to Agent Harbolt who was parked several blocks away. As Agent Harbolt received this information, he could see a vehicle of the exact description turning west on Boulevard Avenue. He immediately began to follow the car and when it stopped at a red light, he pulled in front of it blocking its forward movement. He then jumped out of his car and ran back to the vehicle which was being driven by appellant Thomas Blackwell. As Harbolt approached he could smell the strong

I. Pursuant to our Rule 18 this case is decided without oral argument.

odor of whiskey coming from appellant's car. The vehicle was searched and 12 gallons of non-tax paid whiskey were found in the trunk.

██ The general rule pertaining to search of automobiles or other vehicles is as follows:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. * * * " [2]

Under the facts disclosed by this record we conclude that the district court properly found that the federal agents had probable cause to believe that appellant was in possession of contraband whiskey and were, therefore, justified in searching the automobile. The agents were informed that a car of a particular make, model, year and color was approaching from a location which was reputed to be used in moonshine liquor activity. From previous investigation the agents had reason to believe that the approaching car was specially equipped as a "trip rig" to transport contraband whiskey. This information supplied probable cause for following and stopping the appellant's automobile.[3] Having stopped the automobile, the officers then detected a strong odor of whiskey emanating from it. Since Agent Harbolt was experienced in moonshine liquor detection and testified that he knew the odor of whiskey mash, we believe that under all of the facts the district court properly concluded that there was probable cause for the agents to believe that the vehicle carried contraband,

and that a crime was being committed in their presence.[4] Accordingly, the search and seizure were justified, and the judgment of the district court is affirmed.

---

2. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). *See* Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948); Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629 (1931).

3. Patenotte v. United States, 266 F.2d 647 (5th Cir. 1959); Hiott v. United States,

384 F.2d 954 (5th Cir. 1964); Bruner v. United States, 293 F.2d 621 (5th Cir. 1961); United States v. Freeman, 382 F.2d 272 (6th Cir. 1967).

4. United States v. Baxter, 361 F.2d 116 (6th Cir. 1966).