DeCARLO, Judge
(dissenting).
Basically, the standard of reasonableness for a warrantless search of a vehicle is one of “. . . probable cause, that is, upon a belief, reasonably arising out of circum *462 stances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction . . Carroll v. U. S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.
• There is a difference between the proof sufficient to establish guilt and that proof necessary to substantiate the existence of probable cause. The Supreme Court has said: “There is a large difference between the two things to be proved, as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them.” Brinegar v. U. S., 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.
The searching officers may have five factors for consideration in establishing probable cause for a warrantless search:
“. . (1) the reputation of, or informant’s reports concerning, the occupants, (2) a like reputation of the vehicle or owners, (3) the condition of the vehicle (e. g., heavily loaded), (4) information from reputable informers as to the existence and illegal purpose of the trip, and (5) the reputation of the location in which they are found. Brinegar v. United States, supra, 338 U.S. at page 166, 69 S.Ct. at page 1306; Carroll v. United States, supra, 367 U.S. at page 160, 45 S.Ct. at page 287; The Apollon, 1824, 9 Wheat. 362, 374, 22 U.S. 362, 374, 6 L.Ed. Ill; Cervantes v. United States, 9 Cir., 1959, 263 F.2d 800, 804; Turner v. Camp, 5 Cir., 1941, 123 F.2d 840, 842.” Patenotte v. United States, 266 F.2d 647 (5th Cir. 1959).
In the landmark case of Carroll, supra, an automobile search was upheld even though the seizing officers had no direct evidence that the car contained illegal liquor. Additionally, the car did not appear heavily loaded and was not being driven in an unusual manner. However, it was going from Detroit to Grand Rapids, Michigan, and at that time, Detroit was known to be a source of illegal liquor. The occupants of the car were recognized by the officers as the same people who had offered to obtain whiskey for the officers in Grand Rapids a few months earlier. The car driven on that occasion was the same one the men were using at the time of the search. The Supreme Court held that these facts’ were sufficient to constitute probable cause.
The facts in this case show the officer knew the reputation of the informant. During the trial he testified that he had known the informant for seven or eight years, and that he was a “reputable,” “truthful and reliable person.” Further, the officer stated that he did not know of any felony convictions involving moral turpitude or “violations” by the informer.
Regarding the defendant’s reputation, the officer testified that he had a “reputation of dealing in illegal liquor and beer.”
Concerning the location where the vehicle was stopped and searched, the officer’s testimony revealed that it was six miles north of Florence in the dry county of Lauderdale and it was approximately one mile from the Tennessee line where a number of “package stores” were located in Wayne, a wet county in Tennessee.
As to the information communicated, the officer responded:
“This fellow [the informer] said that Michael was coming down the road with some beer in his car, a load of beer in his car. ... ‘he is right behind me’ [q.nd] ... he [had] just seen him.” [Bracketed material added.]
Further, the record indicated this information was related to the officer just before he stopped the defendant.
In my judgment, the facts in this case are just as strong as those presented in Carroll, supra. All of these circumstances add up to one of reasonableness and are sufficient to substantiate the existence of probable cause to stop and search.